# Exhibit D

| Claim | Statute of Limitations | Authority | Expiration of Statute of Limitations | Ex. Page |
|---|---|---|---|---|
| **Count I - Violations of Federal Securities Laws** | | | | |
| Fraud in Connection With the Purchase or Sale of Securities - Sections 10(b) and 20 of the Securities Exchange Act (15 U.S.C. §§ 78j(b), 78t, and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5). | Not later than the earlier of:<br>• 2 years from discovery or<br>• 5 years after violation | 28 U.S.C. § 1658(b) provides: "[A] claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934, may be brought not later than the earlier of -<br>(1) 2 years after the discovery of the facts constituting the violation; or<br>(2) 5 years after such violation."<br>28 U.S.C. § 1658(b)<br>The term "discovery" in § 1658(b)(1) refers to the time when the plaintiff actually discovers the facts underlying his claim or would have discovered those facts through the exercise of reasonable diligence.<br>*See also Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1796, 176 L. Ed. 2d 582 (2010). | January 28, 2010 – FOR 1031 Executive Park LLC<br><br>September 8, 2010 – FOR 1031 Arrowhead LLC | 1-30 |
| Section 20 of the Securities Exchange Act of 1934 (15 U.S.C. § 78t) | *Same as Above*<br>Not later than the earlier of:<br>• 2 years from discovery or<br>• 5 years after violation | "Since § 20(a) liability is derivative of a § 10(b) violation, the same statute of limitations is applied to a § 20(a) claim." *In re Maxim Integrated Prods.*, 639 F. Supp. 2d 1038, 1051 (N.D. Cal. 2009) (citing *In re Apple Computer Inc., Derivative Litigation*, No. C 06-4128 JF, 2007 U.S. Dist. LEXIS 89272, 2007 WL 4170566, at *7 (N.D. Cal. 2007).<br><br>"The two-year statute of limitations is not subject to equitable tolling." *In re Maxim Integrated Prods.*, 639 F. Supp. 2d at 1051 (citing *Durning v. Citibank, Int'l*, 990 F.2d 1133, 1136-37 (9th Cir. 1993). | January 28, 2010 – FOR 1031 Executive Park LLC<br><br>September 8, 2010 – FOR 1031 Arrowhead LLC | 1-30 |

| | | | | |
|---|---|---|---|---|
| | | | | 31-67 |
| | | | January 28, 2008 – FOR 1031 Executive Park LLC<br><br>September 8, 2008 – FOR 1031 Arrowhead LLC | |
| Fraud in Offer and Sale of Securities – Section 12(2) of the Securities Act of 1933) | Not later than the earlier of:<br>• 1 year from discovery<br>• 3 years after sale | "The five-year outer limitations period serves as a statute of repose in lieu of equitable tolling. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991) (construing the former statute, which imposed a one and three-year limitation)." *In re Maxim Integrated Prods.*, 639 F. Supp. 2d at 1051 (citing *Durning v. Citibank, Int'l*, 990 F.2d 1133, 1136-37 (9th Cir. 1993).<br><br>"A statute of repose is a fixed, statutory cutoff date, usually independent of any variable, such as claimant's awareness of a violation." *Munoz v. Ashcroft*, 339 F.3d 950, 957 (9th Cir. 2003) (citing *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363, 111 S. Ct. 2773, 115 L. Ed. 2d 321 (1991)).<br><br>Section 13 of the Securities Act of 1933 (15 U.S.C. § 77m), entitled "Limitation of Actions" provides:<br>"No action shall be maintained to enforce any liability created under section 11 or section 12(a)(2) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 12(a)(1), unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 11 or section 12(a)(1) more than three years after the security was bona fide offered to the public, or under section 12(a)(2) more than three years after the sale." | | |

| | | | | |
|---|---|---|---|---|
| Section 15 of the Securities Act of 1933 – Control Person Liability | *Same as Above* Not later than the earlier of: <br>• 1 year from discovery <br>• 3 years after sale | "Claims brought under Section 15 are subject to the…statute of limitations set out under Section 13 of the Securities Act." *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 2011 U.S. Dist. LEXIS 125203 at *49 (N.D. Cal. 2011) <br><br>*See also, In re Converium Holding AG Sec. Litig.*, 2006 U.S. Dist. LEXIS 93413 *47 (S.D.N.Y. 2006) (statute of limitations for Section 15 claims is set forth in Section 13 of the Securities Act). | January 28, 2008 – FOR 1031 Executive Park LLC <br><br>September 8, 2008 – FOR 1031 Arrowhead LLC | 31-67 |
| **Count II - Violation of The Securities Act Of Montana** | | | | |
| Failure to Register DBSI in Montana (§ 30-10-202, MCA) | 2 years after the violation occurs | § 30-10-307(5)(a), MCA provides "No action may be maintained under this section to enforce any liability founded on a violation of 30-10-202 un-less it is brought within 2 years after the violation occurs." <br>*See also Mosley v. Am. Express Fin. Advisors, Inc.*, 2010 MT 78 | January 28, 2007 – FOR 1031 Executive Park LLC <br><br>September 8, 2007 for FOR 1031 Arrowhead LLC | 68-77 |
| Misrepresentations and Omissions of Material Fact (§ 30-10-307(1), MCA) | Not later than the earlier of: <br>• 2 years from discovery or <br>• 5 years from transaction | § 30-10-307(5) MCA provides: <br>"(b) No action may be maintained under this section to enforce any liability founded on fraud or misrepresentation unless it is brought within 2 years after discovery of the fraud or misrepresentation on which the liability is founded or after such discovery should have been made by the exercise of reasonable diligence. <br>(c) In no event may an action be maintained under this section to enforce any liability founded on fraud or misrepresentation unless it is brought within 5 years after the transaction on which the action is based." <br>*See also Mosley v. Am. Express Fin. Advisors, Inc.*, 2010 MT 78 | January 28, 2010 – FOR 1031 Executive Park LLC <br><br>September 8, 2010 – FOR 1031 Arrowhead LLC | 68-77 |

| Control Person Liability - § 30-10-307(2), MCA | Not later than the earlier of:<br>• 2 years from discovery or<br>• 5 years from transaction | § 30-10-307(5) MCA provides:<br>"(b) No action may be maintained under this section to enforce any liability founded on fraud or misrepresentation unless it is brought within 2 years after discovery of the fraud or misrepresentation on which the liability is founded or after such discovery should have been made by the exercise of reasonable diligence.<br>(c) In no event may an action be maintained under this section to enforce any liability founded on fraud or misrepresentation unless it is brought within 5 years after the transaction on which the action is based."<br><br>See also *Mosley v. Am. Express Fin. Advisors, Inc.*, 2010 MT 78 | January 28, 2010 – FOR 1031 Executive Park LLC<br><br>September 8, 2010 – FOR 1031 Arrowhead LLC | 68-77 |
|---|---|---|---|---|
| **Count III – Violation of Montana Unfair Trade Practices And Consumer Protection Act**[1] | | | | |
| Unfair Trade Practices and Consumer Protection Act – § 30-14-103 | 2 years | § 27-2-211, MCA provides:<br>"Actions to enforce penalty or forfeiture or other statutory liability. (1) Within 2 years is the period prescribed for the commencement of an action upon….<br>    (c) a liability created by statute other than:<br>        (i) a penalty or forfeiture; or<br>        (ii) a statutory debt created by the payment of public assistance."<br><br>*Osterman v. Sears, Roebuck & Co.*, 318 Mont. 342, 80 P.3d 435, 2003 MT 327 at ¶ 24 (Mont. 2003) ("claims brought under | January 28, 2007 – FOR 1031 Executive Park LLC<br><br>September 8, 2007 – FOR 1031 Arrowhead LLC | 78-102 |

---

[1] The Montana Unfair Trade Practices and Consumer Protection Act applies only to "a person who purchases or leases goods, services, real property, or information primarily for personal, family or household purposes." *See Association of Unit Owners v. Big Sky of Montana*, 798 P.2d 1018 (Mont. 1990) (holding the act inapplicable to condominium units purchased primarily for investment). *See also Sizemore v. Bambi Leasing Corp.*, 360 F. Supp. 252, 254 (N.D. Georgia 1973) ("the FTC Act does not extend coverage to a consumer's business transactions.") Section 30-14-104, MCA provides that the Montana Unfair Trade Practices and Consumer Protection Act is interpreted and enforced in conjunction with and guided by the interpretations of the Federal Trade Commission and the federal courts relating to the Federal Trade Commission Act).

| | | Montana's Unfair Trade Practices Act, § 30-14-101, et seq., MCA, are subject to the two-year time limitation set forth at § 27-2-211, MCA") | | 103-104 |
|---|---|---|---|---|
| **Count IV – Violation of Utah Securities Act[2]** | | | | |
| Failure to Register DBSI in Utah – Section 61-1-7 of the Utah Securities Act | Earlier of:<br>• 2 years after discovery of facts constituting the violation or<br>• 5 years after the violation | Utah Code Ann. § 61-1-22 provides:<br>(7) (a) An action may not be maintained to enforce liability under this section unless brought before the earlier of:<br>(i) the expiration of five years after the act or transaction constituting the violation; or<br>(ii) the expiration of two years after the discovery by the plaintiff of the facts constituting the violation. | January 28, 2010 – FOR 1031 Executive Park LLC<br><br>September 8, 2010 – FOR 1031 Arrowhead LLC | 103-104 |
| Misrepresentations and Omission of Material Fact – Section 61-1-1(2) of the Utah Securities Act | Earlier of:<br>• 2 years after discovery of facts constituting the violation or<br>• 5 years after the violation | Utah Code Ann. § 61-1-22 provides:<br>(7) (a) An action may not be maintained to enforce liability under this section unless brought before the earlier of:<br>(i) the expiration of five years after the act or transaction constituting the violation; or<br>(ii) the expiration of two years after the discovery by the plaintiff of the facts constituting the violation. | January 28, 2010 – FOR 1031 Executive Park LLC<br><br>September 8, 2010 – FOR 1031 Arrowhead LLC | 103-104 |
| Control Person Liability – Section 61-1-22(4) of the Utah Securities Act | Earlier of:<br>• 5 years after the violation or<br>• 2 years after discovery of facts constituting the violation | Utah Code Ann. § 61-1-22 provides:<br>(7) (a) An action may not be maintained to enforce liability under this section unless brought before the earlier of:<br>(i) the expiration of five years after the act or transaction constituting the violation; or<br>(ii) the expiration of two years after the discovery by the plaintiff of the facts constituting the violation. | January 28, 2010 – FOR 1031 Executive Park LLC<br><br>September 8, 2010 – FOR 1031 Arrowhead LLC | 103-104 |

---

[2] Utah Code Ann. § 61-1-13(1)(ee)(ii) (2011) ("Security") does not include:…(gg)(i) Undivided fractionalized long-term estate" means an ownership interest in real property by two or more persons that is: (A) a tenancy in common[.]"

| | | Count V – Breach of Contract | |
|---|---|---|---|
| FINRA Rules 2110, 2310, 2120, 2330, and 3010[3]<br><br>[Not Contract Claim] | 3 years | 27-2-202, MCA,[4] entitled "Actions based on contract or other obligation" provides:<br>(3) The period prescribed for the commencement of an action upon an obligation[5] or liability, other than a contract, account, or promise, not founded upon an instrument in writing is within 3 years.<br><br>27-1-105, MCA defines an "obligation" as: An obligation is a legal duty by which one person is bound to do or not to do a certain thing and arises from:<br>(1) contract; or<br>(2) operation of law. | January 28, 2008 – FOR 1031 Executive Park LLC<br><br>September 8, 2008 – FOR 1031 Arrowhead LLC | 105-112 |
| Utah Securities Commission: Rule R 164-1-3. Fraudulent practices of broker-dealers, broker-dealer agents, and issuer-agents.[6]<br><br>[Not Contract Claim] | 3 years | 27-2-202,[7] MCA, entitled "Actions based on contract or other obligation" provides:<br>(3) The period prescribed for the commencement of an action upon an obligation or liability, other than a contract, account, or promise, not founded upon an instrument in writing is within 3 years. | January 28, 2008 – FOR 1031 Executive Park LLC<br><br>September 8, 2008 – FOR 1031 Arrowhead LLC | 105-112 |

---

[3] There is no no implied private cause of action under FINRA Rules. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir. 1980).

[4] When "the asserted actionable conduct is based on the same fraud and negligence allegations contained in the time barred negligence and fraud counts of [the] complaint[, then the] gravamen of the claim, not the label attached, controls the limitations period to be applied to that claim….The gravamen of [the claim] is fraud and negligence and the claim is time barred by Section 27-2-203 and Section 27-2-204, MCA." *Erickson v. Croft*, 233 Mont. 146 at ¶ 39, 760 P.2d 706 (Mont. 08/05/1988) (citing *Thiel v. Taurus Drilling Ltd.* (Mont 1985), [218 Mont. 201,] 710 P.2d 33, 38, 42 St.Rep. 1520, 1527; *Quitmeyer*, 395 P.2d at 969).

[5] 27-1-105 defines an "obligation" as

[6] See State of Utah Department of Commerce Division of Securities, "Private Cause of Action Remedies under the Utah Uniform Securities Act," January 12, 2010 (private right action are under Utah Code Ann. § 61-1-22).

[7] When "the asserted actionable conduct is based on the same fraud and negligence allegations contained in the time barred negligence and fraud counts of [the] complaint[, then the] gravamen of the claim, not the label attached, controls the limitations period to be applied to that claim….The gravamen of [the claim] is fraud and negligence and the claim is time barred by Section 27-2-203 and Section 27-2-204, MCA." *Erickson v. Croft*, 233 Mont. 146 at ¶ 39, 760 P.2d 706 (Mont. 08/05/1988) (citing *Thiel v. Taurus Drilling Ltd.* (Mont 1985), [218 Mont. 201,] 710 P.2d 33, 38, 42 St.Rep. 1520, 1527; *Quitmeyer*, 395 P.2d at 969).

| | | | |
|---|---|---|---|
| | | 27-1-105, MCA defines an "obligation" as: An obligation is a legal duty by which one person is bound to do or not to do a certain thing and arises from:<br>(1) contract; or<br>(2) operation of law. | |
| Rule R 164-6-1g. Dishonest or unethical business practices.[8]<br><br>[Not Contract Claim] | 3 years | 27-2-202, MCA,[9] entitled "Actions based on contract or other obligation" provides:<br>(3) The period prescribed for the commencement of an action upon an obligation[10] or liability, other than a contract, account, or promise, not founded upon an instrument in writing is within 3 years.<br><br>27-1-105, MCA defines an "obligation" as: An obligation is a legal duty by which one person is bound to do or not to do a certain thing and arises from:<br>(1) contract; or<br>(2) operation of law. | January 28, 2008 – FOR 1031 Executive Park LLC<br><br>September 8, 2008 – FOR 1031 Arrowhead LLC | 105-112 |
| Montana Rules of the Securities Department, Section 6.10.126. Unethical Practices by Broker-Dealers and Salesmen[11] | | 27-2-202, MCA,[12] entitled "Actions based on contract or other obligation" provides:<br>(3) The period prescribed for the commencement of an action upon an obligation[13] or liability, other than a contract, account, or promise, not founded | January 28, 2008 – FOR 1031 Executive Park LLC<br><br>September 8, 2008 – FOR 1031 Arrowhead LLC | 105-112 |

---

[8] See State of Utah Department of Commerce Division of Securities, "Private Cause of Action Remedies under the Utah Uniform Securities Act," January 12, 2010 (private right action are under Utah Code Ann. § 61-1-22).

[9] When "the asserted actionable conduct is based on the same fraud and negligence allegations contained in the time barred negligence and fraud counts of [the] complaint[, then the] gravamen of the claim, not the label attached, controls the limitations period to be applied to that claim....The gravamen of [the claim] is fraud and negligence and the claim is time barred by Section 27-2-203 and Section 27-2-204, MCA." *Erickson v. Croft*, 233 Mont. 146 at ¶ 39, 760 P.2d 706 (Mont. 08/05/1988) (citing *Thiel v. Taurus Drilling Ltd.* (Mont 1985), [218 Mont. 201,] 710 P.2d 33, 38, 42 St.Rep. 1520, 1527; *Quitmeyer*, 395 P.2d at 969).

[10] 27-1-105 defines an "obligation" as

[11] Administrative Rules of Montana 6.10.401 only defines "fraudulent and unethical practices" for "purposes of 30-10-201 and 30-10-301" and "unethical practices" purposes of 30-10-201(13)(g).

[12] When "the asserted actionable conduct is based on the same fraud and negligence allegations contained in the time barred negligence and fraud counts of [the] complaint[, then the] gravamen of the claim, not the label attached, controls the limitations period to be applied to that claim....The gravamen of [the claim] is fraud and negligence and the claim is time barred by Section 27-2-203 and Section 27-2-204, MCA." *Erickson v. Croft*, 233 Mont. 146 at ¶ 39, 760 P.2d 706 (Mont. 08/05/1988) (citing *Thiel v. Taurus Drilling Ltd.* (Mont 1985), [218 Mont. 201,] 710 P.2d 33, 38, 42 St.Rep. 1520, 1527; *Quitmeyer*, 395 P.2d at 969).

| | | | | 113-123 |
|---|---|---|---|---|
| [Incorrect Rule Number Cited – actually Rule 6.10.401]<br><br>[Not Contract Claim] | | upon an instrument in writing is within 3 years.<br><br>27-1-105, MCA defines an "obligation" as: An obligation is a legal duty by which one person is bound to do or not to do a certain thing and arises from:<br>(1) contract; or<br>(2) operation of law. | | |
| | | **Count VI – Common Law Fraud** | | |
| Common Law Fraud | 2 years from transaction or discovery | 27-2-203, MCA entitled "Actions for relief on ground of fraud or mistake" provides: The period prescribed for the commencement of an action for relief on the ground of fraud or mistake is within 2 years, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.<br><br>"**As a general rule, the statute of limitations for actions based on fraud begins to run when the fraud occurs,** unless the facts forming the basis for the alleged fraud are, by their nature, concealed, or the defendant takes affirmative action to prevent the plaintiff from discovering the injury. *Osterman v. Sears, Roebuck & Co.*, 318 Mont. 342, 80 P.3d 435, 2003 MT 327 at ¶ 26 (Mont. 2003) (emphasis added) (citing *Cartwright v. Equitable Life Assurance Soc'y*, 276 Mont. 1 (1996), 17, 914 P.2d 976, 986).<br><br>For purposes of tolling the statute of limitations in an action for fraud or unfair | January 28, 2007 – FOR 1031 Executive Park LLC<br><br>September 8, 2007 for FOR 1031 Arrowhead LLC<br><br>Or:<br><br>October 16, 2008 – both FOR 1031 Executive Park LLC and FOR 1031 Arrowhead LLC<br><br>Or not later than:<br><br>October 1, 2010 – both FOR 1031 Executive Park LLC and FOR 1031 Arrowhead LLC | |

---

[13] 27-1-105 defines an "obligation" as

| | | | |
|---|---|---|---|
| | | trade practices, ordinary diligence must be exercised by the aggrieved party in the discovery of the facts constituting the fraud or deceptive practice. See *Gregory v. City of Forsyth* (1980), 187 Mont. 132, 137, 609 P.2d 248, 251. 'When the statute of limitations issue involves the time at which the plaintiff, through the use of reasonable diligence, should have discovered the facts, '[t]he test is whether a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation.'" *Osterman* 318 Mont. 342 at ¶ 27 (quoting *Johnson v. Barrett*, 1999 MT 594, ¶ 11, 295 Mont. 254, ¶ 11, 983 P.2d 925, ¶ 11. | | |
| **Count VII – Breach of Fiduciary Duty**[14] | | | |
| Breach of Fiduciary Duty | 3 years | 27-2-204, MCA entitled "Tort actions -- general and personal injury" provides: (1) Except as provided in 27-2-216 and 27-2-217, the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years.<br><br>See *Shupak v. New York Life Ins. Co.*, 780 F. Supp. 1328, 1339 ("The statute of limitation period for the negligence and breach of fiduciary duty claims is three years.") | January 28, 2008 – FOR 1031 Executive Park LLC<br><br>September 8, 2008 – FOR 1031 Arrowhead LLC | 124-149 |
| **Count VIII – Negligence and Gross Negligence** | | | |
| Negligence and Gross Negligence | 3 years | 27-2-204, MCA entitled "Tort actions -- general and personal injury" provides: (1) Except as provided in 27-2-216 and 27- | January 28, 2008 – FOR 1031 Executive Park LLC | 134-149 |

---

[14] "In the absence of discretionary authority by a stockbroker to buy and sell in a customer's account, no fiduciary relationship is created in a broker-customer relationship." *Chor v. Piper, Jaffray & Hopwood*, 261 Mont. 143, 153 (1993) (citing *Caravan Mobile Home Sales v. Lehman Bros. Kuhn Loeb* 769 F.2d 561, 567 (9th Cir. 1985)).

| | | | |
|---|---|---|---|
| | 2-217, the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years.<br><br>*See Shupak v. New York Life Ins. Co.*, 780 F. Supp. 1328, 1339 ("The statute of limitation period for the negligence and breach of fiduciary duty claims is three years.") | September 8, 2008 – FOR 1031 Arrowhead LLC | 150-151 |

**FINRA Rule 12206. Time Limits**
(a) Time Limitation on Submission of Claims
No claim shall be eligible for submission to arbitration under the Code where six years have elapsed from the occurrence or event giving rise to the claim. The panel will resolve any questions regarding the eligibility of a claim under this rule.
(c) Effect of Rule on Time Limits for Filing Claim in Court
**The rule does not extend applicable statutes of limitations…**

| **Investment Date** | **Investment** |
|---|---|
| January 28, 2005 | FOR 1031 Executive Park LLC |
| September 8, 2005 | FOR 1031 Arrowhead LLC |