Murry Warhank
Gough, Shanahan, Johnson & Waterman, PLLP
33 S. Last Chance Gulch
Helena, Montana 59601
Telephone:  (406) 442-8560
Facsimile:   (406) 442-8783
mw@gsjw.com

Jeffrey S. Kob (pending approval of pro hac vice motion)
Brett G. Evans (pending approval of pro hac vice motion)
Hull Evans & Kob LLP
1800 E. Garry Avenue, Suite 114
Santa Ana, CA 92705
Telephone:  (949) 464-8084
Facsimile:   (949) 954-8186
jeff@heklaw.com
brett@heklaw.com

Attorneys for Petitioner Waveland Capital Partners LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| WAVELAND CAPITAL PARTNERS LLC,<br><br>            Petitioner,<br>      vs.<br><br>RANDALL A. TOMMERUP, INDIVIDUALLY AND AS SOLE MEMBER OF R. TOMMERUP-EXECUTIVE PARK, LLC AND R. TOMMERUP-ARROWHEAD, LLC AND HELEN E. TOMMERUP, INDIVIDUALLY AND AS SOLE MEMBER OF H. TOMMERUP-EXECUTIVE PARK, LLC AND H. TOMMERUP-ARROWHEAD, LLC,<br><br>            Respondents. | Case No. CV-12-26-H-CCL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO VACATE ARBITRATION AWARD** |

Petitioner Waveland Capital Partners LLC ("Waveland") submits this memorandum of law in support of their Petition to Vacate Arbitration Award.

## I.  INTRODUCTION

The deference federal law allows an arbitrator's rulings is not without limitation. Where, as here, an arbitrator manifestly disregards controlling statutory

limitations periods and substantive case law, courts cannot confirm an arbitration award that is premised on claims that are clearly time barred. Such an award goes well beyond mere legal error or mistake; it manifests the arbitrator's disregard for controlling law. Federal courts have the authority to, and should, vacate such an award. Waveland requests the Court vacate the arbitration award because under any principled legal analysis, the award was the product of the Arbitrator's manifest disregard of law.

On multiple occasions, the Arbitrator was introduced and briefed on the "well defined, explicit and clearly applicable" statute of limitations and substantive case law.  The Arbitrator recognized its applicability, and the panel manifestly ignored the governing 5-year statutory limitations period contained in the Securities Exchange Act of 1934 ("Exchange Act"), and manifestly ignored (and indeed rewrote) the unambiguous limitations period that required the arbitration panel to dismiss the claim based on failure to supervise.

The Arbitrator's willful refusal to follow controlling law led to an award against Waveland for over $300,000 for failure to supervise and unsuitable investments.  It is impossible to justify any award under failure to supervise and control person liability under the 5-year statute of limitations and the Ninth Circuit's refusal to grant a private right of action for violations of securities self-regulatory organization rules. Therefore, Waveland respectfully requests that the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO VACATE ARBITRATION AWARD - 2**

Court vacate the arbitration award for the Arbitrator's manifest disregard of the law.

## II.  STATEMENT OF RELEVANT FACTS

On **January 28, 2005**, Respondents Randall A. Tommerup, individually and as sole member of R. Tommerup-Executive Park, LLC and R. Tommerup-Arrowhead, LLC and Helen E. Tommerup, individually and as sole member of H. Tommerup-Executive Park, LLC and H. Tommerup-Arrowhead, LLC ("Respondents") invested in FOR 1031 Executive Park LLC. *See* Exhibit A to Declaration of Brett Evans ("Evans Decl."), page 11 of 144 of Statement of Claim.

On **September 8, 2005**, Respondents invested in FOR 1031 Arrowhead LLC. *See* Exhibit A to Evans Decl., page 11 of 144 of Statement of Claim.

On **October 13, 2010**, Respondents initiated an arbitration proceeding before the Financial Industry Regulatory Authority, Inc. ("FINRA") against Waveland and Melvin T. Day, II ("Day") by filing a Statement of Claim alleging various claims. *See* Exhibit A to Evans Decl., page 64 of 144 of Statement of Claim.

On or about December 30, 2010, Waveland filed a Statement of Answer with FINRA, asserting, among other things, that each and every claim was barred by the applicable statute of limitations.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO VACATE ARBITRATION AWARD - 3**

On or about November 9, 2011, Waveland filed a Motion to Dismiss asserting among other arguments that Respondents were not customers of Waveland, but rather that any connection to Waveland's independent contractor Day, licensed as a registered representative, was related to Day's outside business activity and employer, FOR 1031.

On or about December 19, 2011, Waveland filed an Arbitration Brief arguing that each claim asserted by Respondents was barred by both the substantive law and the statute of limitations. The Arbitration Brief provided the well defined, explicit and clearly applicable statute of limitations for each and every cause of action, including the relevant authority. *See* Exhibit B to Evans Decl., Arbitration Brief.

On January 9, 2012 through January 13, 2012, the arbitrators held hearings and heard evidence from the parties.

On January 9, 2012, the first day of the arbitration hearing, Waveland's counsel presented a thorough review of each and every well defined, explicit and clearly applicable statute of limitations for each and every cause of action. *See* Exhibit C to Evans Decl., Transcript of FINRA Arbitration, page 2, lines 13 through page 10, line 20.

During the motion to dismiss hearing, Waveland presented its Exhibit A to the arbitrators, which provided an outline of each of the statutes and cases to which

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO VACATE ARBITRATION AWARD - 4**

Waveland's counsel reviewed during its substantive discussion of each well defined, explicit and clearly applicable statute of limitations and substantive law applicable to the claims presented by Respondents. Waveland also provided a copy of *Mosley v. Am. Express Fin. Advisors, Inc.*, 2010 MT 78 (Mont. 2010), outlining the statute of limitations relevant to failure to supervise, control person liability and other various statutory violations in Montana, which mirror the federal statute of limitations. *See* Exhibit D to Evans Decl., Waveland's Exhibit A, Statute of Limitations Summary.

On the last day of the arbitration hearing, Waveland again presented a thorough review of the applicable statute of limitations and the substantive law for each cause of action. Throughout the discussion, Waveland discussed and distributed substantive cases and statutes for each and every case and statute referred and reviewed in Waveland's Exhibit A, including both *Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir. 1980), which holds that there is no implied private cause of action for violations of FINRA rules and 28 U.S.C. § 1658(b), which provides that the statute of limitations for failure to supervise under Section 20(a) of the Exchange Act is no later than the earlier of 2 years from the discovery or 5 years from the violation, without any equitable tolling. *See* Exhibit C to Evans Decl., Transcript of FINRA Arbitration, page 18, lines 9 through page 26, line 11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO VACATE ARBITRATION AWARD - 5**

and Exhibit D to Evans Decl., Waveland's Exhibit A, Statute of Limitations Summary.

On or about February 7, 2012, FINRA served by mail a copy of the arbitrator's written award. *See* Exhibit E to Evans Decl., FINRA Arbitration Award. The arbitrators determined that Waveland "failed to supervise Respondent Day and that the investments were unsuitable." Both claims are based on statutory or FINRA rules. The arbitrators found Waveland and Day "jointly and severally liable" and awarded $301,875.00, including interest in the amount of $87,545.00 calculated from September 1, 2008 through January 13, 2012. *Id*.

### III.  LEGAL ARGUMENT

**A.     The Applicable Legal Standard for Vacating the Arbitration Award**

Under § 10 of the Federal Arbitration Act ("FAA"), vacatur is permitted:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO VACATE ARBITRATION AWARD - 6**

9 U.S.C. § 10(a). *See also Biller v. Toyota Motor Corp.*, 2012 U.S. App. LEXIS 2121 (9th Cir. 2012).

The Ninth Circuit recognized that arbitrators "exceed their powers in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law." *Kyocera v. Prudential-Bache T Services*, 341 F. 3d 987, 997 (9th Cir. 2003). "Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (citation omitted.) "To vacate an arbitration award on this ground, '[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it.'" *Id*.

"[T]o rise to the level of manifest disregard '[t]he governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable.'" *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879-880 (9th Cir. 2007).

**B.    The Arbitrators Exceeded Their Powers By Ignoring the Well Defined, Explicit and Clearly Applicable Statute of Limitations for Section 20(a) of the Exchange Act**

Failure to supervise is a statutory-based duty of a broker-dealer. Section 20(a) of the Exchange Act creates a cause of action for failure to supervise, if an underlying cause of action is proven, by providing:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO VACATE ARBITRATION AWARD - 7**

> Every person who, directly or indirectly, controls any person liable under any provision of this title or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a).

the Supreme Court of Montana, citing the Ninth Circuit, explains that, a "broker-dealer is, as a matter of law, 'a controlling person under that provision with respect to its registered representatives,' since 'the securities laws impose on broker-dealers a duty to supervise their registered representatives, and the representatives need the dealers to gain access to the securities markets.'" [1] *Mosley v. Am. Express Fin. Advisors, Inc.*, 2010 MT 78, p25 (Mont. 2010) (citing *Hauser v. Farrell*, 14 F.3d 1338, 1341 (9th Cir. 1994)).

The statute of limitations for a violation of Section 20(a) is the earlier of (1) 2 years after discovery of the facts constituting the violation or (2) 5 years after such violation. 28 U.S.C. § 1658(b); *In re Maxim Integrated Prods.*, 639 F. Supp. 2d 1038, 1051 (N.D. Cal. 2009) (citation omitted). The statute of limitations is not subject to equitable tolling. *In re Maxim Integrated Prods.*, 639 F. Supp. 2d at 1051 (citing *Durning v. Citibank, Int'l*, 990 F.2d 1133, 1136-37 (9th Cir. 1993).

---

[1] *See* Exhibit C to Evans Decl., page 6, line 18 through page 7, line 15; page 13, lines 2-12; page 19 line 16 through page 20, line 28.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO VACATE ARBITRATION AWARD - 8**

Here, the investments were made on January 28, 2005 and September 8, 2005.  The Statement of Claim was filed on October 13, 2010, more than 5 years after the investments. All claims for failure to supervise under Section 20(a) were barred by the statute of limitations and not subject to tolling or discretion by the arbitration panel. The award was therefore in manifest disregard of the law as it ignored the statute of limitations.

**C.    The Arbitrators Exceeded Their Powers By Ignoring the Well Defined, Explicit and Clearly Applicable FINRA Rule Regarding Suitability**

The Ninth Circuit has clearly stated that there is "no implied private cause of action under…the [FINRA] suitability rule." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 677 (9th Cir. 1980). [23]  The award by the arbitrators for unsuitable investments against Waveland was in manifest disregard by ignoring the well defined, explicit, and clearly applicable case law and that any "joint and several" liability for an unsuitable liability against Waveland would require a finding of control person liability under Section 20(a) of the Exchange Act. Therefore, the Court should vacate the award.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully submitted that Waveland's petition should be granted and that the arbitration award issued in *In the Matter of*

---

[2] See Exhibit D of Evans Decl.; Exhibit C to Evans Decl., page 23, lines 9-25.
[3] Further, for any liability to attach to Waveland from Day's activity, Section 20(a) control person liability would need to attach.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO VACATE ARBITRATION AWARD - 9**

*Arbitration Between Randall A. Tommerup, individually and as sole member of R. Tommerup-Executive Park, LLC and R. Tommerup-Arrowhead, LLC and Helen E. Tommerup, individually and as sole member of H. Tommerup-Executive Park, LLC and H. Tommerup-Arrowhead, LLC vs. Waveland Capital Partners LLC and Melvin T. Day, II*, FINRA Dispute Resolution Case Number 10-04616 be vacated for manifest disregard of the law.

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(A) and (E), I hereby certify that this *Memorandum of Points and Authorities in Support of Petition to Vacate Arbitration Award* is printed with a proportionately-spaced Times New Roman text with a typeface of 14 points, is double-spaced, and the word count of the brief is calculated by Microsoft Word to be 1,881 words.

DATED: March 8, 2012.

/s/ Murry Warhank
Murry Warhank
Gough, Shanahan, Johnson & Waterman, PLLP
33 S. Last Chance Gulch
Helena, Montana 59601
Telephone:   (406) 442-8560
Facsimile:   (406) 442-8783
mw@gsjw.com

Jeffrey S. Kob
Brett G. Evans
Hull Evans & Kob LLP
1800 E. Garry Avenue, Suite 114
Santa Ana, CA 92705
Telephone:   (949) 464-8084
Facsimile:   (949) 954-8186
jeff@heklaw.com
brett@heklaw.com
(pending approval of pro hac vice motion)

Attorneys for Plaintiffs Waveland Capital Partners LLC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO VACATE ARBITRATION AWARD - 11**